**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Keith L. DALTON, Defendant– Appellant.**

**No. 01–5389.**

United States Court of Appeals, Sixth Circuit.

July 6, 2001.

Before NATHANIEL R. JONES, DAUGHTREY, and COLE, Circuit Judges.

## OPINION

PER CURIAM.

Defendant–Appellant Keith L. Dalton appeals the district court's January 29, 2001, order directing him to be committed to the custody of the Attorney General for further evaluation following a finding of incompetency. After Dalton was indicted on charges of mail fraud and money laundering in connection with a scheme to sell fraudulently-obtained life insurance policies, he filed a motion to determine his competency to stand trial, and the matter was referred to a magistrate judge pursuant to 636 U.S.C. § 636(b)(1)(B). In a Report and Recommendation ("R & R") dated December 12, 2000, the magistrate judge found that Dalton was incompetent to stand trial. By order dated January 29, 2001, the district court adopted the R & R in its entirety and held that Dalton was incompetent to stand trial. Pursuant to 18 U.S.C. § 4241(d), the district court committed Dalton to the custody of the Attorney General for an additional period, not to exceed four months, to determine when, if ever, he will have the capacity to stand trial. Dalton filed a motion for reconsideration in which he argued that commitment under § 4241(d) violated his due process rights. By order dated February 16, 2001, the district court denied Dalton's motion for reconsideration.

After careful review of the record in this case, the applicable law, counsels' briefs

340

and arguments, and the opinions of the magistrate judge and district court, we conclude that the district court's commitment order does not violate Dalton's constitutional rights. We also believe that the issuance of a full written opinion in this case would be duplicative and serve no useful purpose. Accordingly, based upon the reasoning set forth in the magistrate judge's R & R and the district court's orders dated January 29 and February 16, 2001, we affirm the district court's commitment order.